IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BENJAMIN WARREN, an individual, | CV 23-136-BLG-TJC |
| Plaintiff, | |
| vs. | **ORDER** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Pending before the Court is Plaintiff Benjamin Warren's Motion for Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 26.) The motion is fully briefed and ripe for the Court's review. (*See* Docs. 26, 27.)

For the following reasons, IT IS ORDERED that Warren's motion is GRANTED.

I.  **BACKGROUND**[1]

In November 2021, Warren insured his 2014 Ford Focus with Defendant Allstate Fire and Casualty Insurance Company ("Allstate") under a comprehensive policy. On November 11, 2021, Warren hit a deer while driving his vehicle, and he

---

[1] The factual background is taken from the parties' Statement of Stipulated Facts. (Doc. 25.)

1

subsequently made a claim under his Allstate policy.  Allstate issued Warren a check for $10,810.46, which constituted Allstate's appraisal of the cash value of the vehicle, less the deductible and salvage value.  Warren disputed the settlement amount, and ultimately brought this action against Allstate alleging, i.a., that Allstate violated the Montana Unfair Trade Practices Act ("UTPA").  (Doc. 25 at 1.)

Following a preliminary pretrial conference on March 28, 2024, Warren filed this motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (Doc. 26.)  Warren requests that the Court dismiss his claims without prejudice and without imposition of Allstate's costs and attorney's fees.  (*Id.* at 3.)  Alternatively, he requests dismissal with prejudice, in which case costs and fees under Rule 41(d) would not apply.  (*Id.*)  *See* Fed. R. Civ. P. 41(d).[2] Allstate does not oppose the motion to dismiss, but requests that if the dismissal is without prejudice, Allstate should be awarded costs and attorney's fees.  (Doc. 27 at 1.)

/ / /

---

[2] Rule 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

## II.   DISCUSSION

Rule 41(a)(2) permits a plaintiff, with the court's approval, to dismiss an action without prejudice.  The rule provides in pertinent part:

> Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Whether to grant a motion for voluntary dismissal is left to the district court's discretion.  *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal."  *Stevedoring Servs. of Am. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  Thus, the court generally allows dismissal unless the defendant suffers some plain legal prejudice.  *Hamilton*, 679 F.2d at 145.

Courts undertake three separate determinations when considering a motion under Rule 41(a)(2): "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."  *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

/ / /

3

### A.     Whether To Grant Warren's Motion for Dismissal

Courts should grant a plaintiff's motion for voluntary dismissal under Rule 41(a)(2) unless the defendant can demonstrate that it "will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976.

Circumstances that do not constitute plain legal prejudice include uncertainty because a dispute remains unresolved and there is a threat of future litigation, inconvenience from having to defend in another forum, the plaintiff gaining a tactical advantage, or when the remaining parties are unable to conduct sufficient discovery to adequately defend against charges of fraud. *Id.*; *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

Here, Allstate neither opposes Warren's motion nor explicitly asserts that any legal prejudice would result from the dismissal. Allstate only requests that it be awarded attorney's fees and costs if the Court grants a voluntary dismissal without prejudice. (Doc. 27 at 1–2.) Accordingly, the Court will grant Warren's request to dismiss the case.

/ / /

### B.     Whether Dismissal Should Be Without Prejudice

Warren requests dismissal without prejudice. (Doc. 26 at 3.) Allstate does not oppose dismissal without prejudice so long as it is conditioned on certain terms, discussed below. (Doc. 27 at 3.)

Whether to allow dismissal without prejudice is a determination within the discretion of the court, and is often permitted when the dispute remains unresolved, when the plaintiff requests dismissal before the defendant files motions for summary judgment, or when the defendant incurs expenses defending the lawsuit. *Westlands Water Dist.*, 100 F.3d at 97. On the other hand, the court may order dismissal with prejudice where it would be "inequitable or prejudicial to the defendant to allow the plaintiff to refile the action." *Williams*, 227 F.R.D. at 539–40 (citation omitted).

Courts consider three factors when deciding whether to grant voluntary dismissal with or without prejudice: "(1) the defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take dismissal." *Id.* at 540 (citation omitted); *see also Kenner v. Bitterroot Timber Frames, LLC*, 2022 WL 1265839, at *4 (D. Mont. Apr. 28, 2022).

Here, the relevant factors all weigh in favor of granting Warren's motion without prejudice.

First, Allstate has not demonstrated substantial effort and expense in preparing for trial. Although Allstate argues that it has "already expended considerable effort and expense to defend against his claims, particularly when considering the issues at stake and the amount in controversy," the case has not proceeded past preliminary pretrial statements, and nothing has transpired that would suggest Allstate has spent substantial effort and expense preparing for trial. A defendant cannot argue "high litigation costs [when] discovery ha[s] not begun, it ha[s] not commenced trial preparations, and no motions challenging the merits of th[e] case ha[ve] come before the court." *Smith*, 263 F.3d at 976. Thus, this factor weighs in favor of Warren.

Second, Warren filed the motion at a relatively early stage of the proceedings, just three weeks after the preliminary pretrial conference. Neither party had filed any dispositive motions with the Court, and there is no evidence to support excessive delay or lack of diligence on Warren's part. Thus, this factor also weighs in favor of Warren.

Third, Warren's reasons for dismissing this case are sufficient. Warren has attempted to find counsel throughout this litigation. (Doc. 26 at 8; *see also* Docs. 4, 15.) Warren seeks dismissal without prejudice so he can reassess the vehicle's value, conduct more research, add additional defendants, and secure counsel to represent him. (Doc. 26 at 8.) Allstate argues that if dismissal without prejudice is

6

granted, "much of the effort and expense Allstate incurred in this action will be for naught," but does not otherwise offer any facts or evidence to support this assertion. (Doc. 27 at 3.) Thus, considering Warren's reasonable explanation for voluntary dismissal and the other factors discussed above, the Court agrees the dismissal of this matter should be without prejudice.

      C.    **Whether To Impose Terms and Conditions of Dismissal Without Prejudice**

Finally, the Court must consider the "terms and conditions, if any, for dismissal." *Williams,* 227 F.R.D. at 540. If the plaintiff's motion to dismiss is granted, the dismissal will be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Relevant here, the Court must determine whether attorney's fees and costs should be awarded on a dismissal without prejudice. *See id.*; *Williams,* 227 F.R.D. at 540.

Warren requests that dismissal not be conditioned upon payment of costs and attorney's fees. (Doc. 26 at 3.) Allstate argues that dismissal should be conditioned on awarding attorney's fees and costs incurred in this action. (Doc. 27 at 1.)

Courts generally consider the following factors in determining whether to award costs to a defendant after a voluntary dismissal without prejudice: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation

has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Mem'l Hosp. v. Kent*, 688 Fed. App'x 492, 494 (9th Cir. 2017) (quoting *Williams*, 227 F.R.D. at 540); *see also Kenner*, 2022 WL 1265839 at *5.

Here, the Court finds these factors weigh against imposing attorney's fees and costs as a condition of voluntary dismissal. First, any duplicative expense of a second litigation would be minimal. This litigation has not progressed beyond pleadings and a preliminary pretrial conference. The Court is unaware of any discovery being exchanged, and no dispositive motions have been filed with this Court prior to the motion for voluntary dismissal. Second, given the stage of the litigation and the fact that Warren filed his motion for voluntary dismissal three weeks after the preliminary pretrial conference, there is no indication that Allstate was preparing for trial or otherwise incurring substantial expenses. Third, this litigation is still in its earliest stages, as both parties have acknowledged. (Docs. 26 at 1; 27 at 3.) Finally, Warren has acted with reasonable diligence in moving for dismissal with the case still in its infancy. Therefore, these factors all weigh in favor of declining to impose attorney's fees and costs.

The Ninth Circuit has suggested that the merits of the plaintiff's claim or his chance of success may be considered in determining this question as well, particularly when the above factors weigh in favor of the defendant. *See Stevedoring Servs.*, 889 F.2d at 921; *Santa Rosa Mem'l Hosp.*, 688 Fed. App'x at

494.  *See also Williams*, 227 F.R.D. at 540.  Here, however, the Court does not find this consideration outweighs the other factors, which all weigh in favor of Warren.  Moreover, Allstate did not file a motion to dismiss Warren's claim, and the relative merits of the claim have not been presented to the Court for determination.

As a final consideration, to the extent the defendant is entitled to recover attorney's fees and costs as a condition of voluntary dismissal, such an award should be limited to work that is not useful in future litigation between the parties.  *Quismundo v. Trident Soc'y, Inc.*, 2018 WL 1963782, at *3 (S.D. Cal. Apr. 25, 2018) (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).  *See* Fed. R. Civ. P. 41(d).  Allstate states that it will "likely incur duplicative costs and attorney's fees in the second action," but provides no supporting context beyond this claim.  (Doc. 27 at 3.)  Besides the negotiations between the parties prior to this litigation, Allstate has not shown effort and expense beyond answering Warren's Complaint and participating in the preliminary pretrial conference.

For these reasons, Allstate has not demonstrated that Warren should be required to pay its attorney's fees and costs as a condition of dismissal without prejudice.  Therefore, Court will not impose any conditions to dismiss this case without prejudice.

/ / /

/ / /

## III. CONCLUSION

Accordingly, IT IS ORDERED that Warren's Motion for Voluntary Dismissal is GRANTED. This action is dismissed without prejudice, with each party to bear their own attorney's fees and costs.

DATED this 20th day of September, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge